# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10 CR 49

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| MARK ALBERT POLOZZOLA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report filed in the above entitled cause on May 9, 2011 by the United States Probation Office. In the violation report, the United States Probation Office alleges that defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared defendant was present with his counsel, Sean Devereux, and the government was present through Assistant United States Attorney, Corey Ellis, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted allegations one and two as contained in the violation report that had been filed on May 9, 2011. Testimony was presented as to allegation #3 by the government through Robert T. Ferguson, United States Probation Officer.

Defendant was charged in a bill of indictment filed on August 3, 2010 with distributing a visual depiction which involved the use of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2). The undersigned conducted an initial appearance hearing for defendant on December 21, 2010 and thereafter on December 22, 2010, entered an order releasing defendant on a $25,000 unsecured bond. The undersigned further set conditions of release included the following:

(1) That the defendant shall not commit any offense in violation of federal, state or local law while on release.

(8)(i) Defendant shall have no contact with anyone involved in unlawful sue, possession or trafficking of drugs or any other unlawful conduct.

(8)(o) Defendant shall refrain from any use of alcohol.

(8)(p) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On May 2, 2011, defendant submitted to an urinalysis drug test at which time defendant stated that a friend had come to his home on April 29, 2011 and had smoked marijuana and defendant was afraid this would make him test positive on the drug test. Officer Robert Ferguson collected an urinalysis sample and sent it for testing and the test was confirmed to be positive for marijuana. During the same home visit Officer

Ferguson detected an odor of alcohol on either defendant's breath or clothing. Officer Ferguson testified that he was not sure whether it came from defendant's breath or from his clothing. Defendant, at that time, was employed as a waiter with the Grove Park Inn and as a part of his employment regularly served alcohol.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1)    finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2)    finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned cannot find that defendant violated the terms and conditions of his pretrial release by consuming alcohol. The evidence

in this matter is equivocal. Officer Ferguson testified he smelled the odor of alcohol about defendant's breath or about his clothing.

Based upon the evidence and admission of defendant, however, the undersigned finds there is probable cause to believe that defendant committed at least a state crime while on release. Defendant possessed marijuana so he could consume that substance. That possession violated at least state law.

There has further been shown by clear and convincing evidence that defendant violated the condition of release which provided he was to have no contact with anyone involved in unlawful use, possession or trafficking of drugs. Defendant admitted to having a friend to come to the home of defendant and therein smoked marijuana in defendant's home. This violated the terms and conditions of pretrial release of defendant.

It has further been shown by clear and convincing evidence that defendant violated the condition of supervision which required that he refrain from use or unlawful possession of a narcotic drug in that he used marijuana and the urinalysis test that was submitted showed that defendant had used this drug which was not prescribed for him.

Due to the findings made above and considering the factors as set forth in 18 USC § 3142(g), it appears there is no condition or combination of conditions that

would assure that defendant will not pose a danger to the safety of any other person or the community. It is further the opinion of the undersigned that based upon defendant's actions, it is unlikely defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** the defendant be detained pending further proceedings in this matter.

Signed: May 24, 2011

Dennis L. Howell
United States Magistrate Judge